IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUN 2 5 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

LORETTA DE VERA,
    Plaintiff,

v.                                     CIVIL ACTION NO. 2:12cv17

BANK OF AMERICA, N.A.,

And

PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA,
    Defendants.

## *MEMORANDUM OPINION & ORDER*

Before the Court is Defendants', Bank of America, N.A. ("BOA") and Professional Foreclosure Corporation of Virginia ("Professional Foreclosure"), Motions to Dismiss,[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**.

### I. FACTS & PROCEDURAL HISTORY

Plaintiff owns a tract of land located at 703 Shadowberry Crest in the City of Chesapeake, Virginia. Compl. ¶ 1. Plaintiff entered into a mortgage loan contract for a home located on the land and secured the loan with a deed of trust on May 31, 2007. Compl. ¶ 5. After a reduction in income, the Plaintiff was unable to continue making the payments on the mortgage loan. Compl. ¶ 9. Plaintiff then applied for a home loan modification with Defendant, BOA. Defendant, BOA, notified Plaintiff on June 8, 2011 that her application was received and would be referred for review. Compl. ¶ 11-12. Defendant submitted the loan application to the

---

[1] Defendants, Bank of America, N.A. and Professional Foreclosure Corporation of Virginia filed separate Motions to Dismiss. This Memorandum Opinion and Order will consider both motions contemporaneously.

underwriter on December 8, 2011 and requested a postponement of the foreclosure sale of Plaintiff's home. Compl. ¶ 13. The loan modification application was never evaluated, accepted, or denied. Without the loan modification or an injunction, Plaintiff claims that Professional Foreclosure will proceed with the foreclosure sale of Plaintiff's property at 703 Shadowberry Crest. Compl. ¶ 14-15.

Plaintiff filed the original complaint in the Circuit Court for the City of Chesapeake on December 12, 2011 alleging that Defendants breached the covenant of good faith and fair dealing and breached the contract to modify for which the bank is estopped from denying. Plaintiff sought a preliminary injunction and a declaratory judgment to stop the foreclosure sale.

On January 9, 2012, Defendants filed a Notice of Removal to remove the case from the Circuit Court for the City of Chesapeake to the United States District Court for the Eastern District of Virginia. Plaintiff filed the First Amended Complaint on March 12, 2012 preserving the claim for breach of the covenant of good faith and fair dealing, the request for preliminary injunction, and asserting two additional claims. Plaintiff alleges additionally that Defendants breached the duty to mitigate damages and breached the deed of trust. Plaintiff requests that the Court enjoin Professional Foreclosure to prevent the foreclosure sale of the home located at 703 Shadowberry Crest. On March 29, 2012, Defendant, BOA, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 5, 2012, Defendant, Professional Foreclosure, filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to Defendants' Motions to Dismiss. Accordingly, the matter is now ripe for judicial determination.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action if the Court determines that the Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motion to dismiss under Rule 12(b)(6) filters out frivolous claims by testing the adequacy of the plaintiff's complaint. Federal Rule of Civil Procedure 8(a)(2) requires the complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6). However, *Bell Atlantic v. Twombly* extended that standard, providing that "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations stated in the complaint must have "more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." *Id.*

Furthermore, a claim must exceed a mere possibility that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must include facts that *plausibly* state a claim for relief on its face. *Id* (emphasis added). A claim is considered to be facially plausible if it asserts facts that lead the court to reasonably infer that the defendant may be liable for the alleged actions. *Id.*

## III. DISCUSSION

In the First Amended Complaint, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing pursuant to 12 U.S.C. § 5219(a)(1). Plaintiff also argues that Defendant breached the duty to mitigate damages and breached the deed of trust. Defendants move to dismiss the Amended Complaint asserting that the Plaintiff failed to state a claim for which relief may be granted.

Many courts have been confronted with complaints asserting rights under the Home Affordable Modification Program ("HAMP"). Plaintiffs pursue HAMP rights under a number of allegations, however, courts have uniformly found them to be meritless claims. Courts agree that these HAMP allegations fail because there is no private right of action for borrowers against servicers or lenders. *See, Pennington v. PNC*, No. 2:10–cv–361, 2010 U.S. Dist. LEXIS 143157, at *11 (E.D. Va. Aug. 11, 2010); *Fowler v. Aurora Home Loans*, No. 2:10cv623, slip op. at 3–4 (E.D. Va. Mar. 31, 2011); *Bourdelais v. J.P. Morgan Chase*, Civ. No. 3:10CV670–HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011). Plaintiff's claims may only proceed if they are *independent* from HAMP. *Bourdelais*, 2011 WL 1306311, at *3–4 (emphasis added). Borrowers are not considered third-party beneficiaries, but are merely incidental beneficiaries to the HAMP agreement. *Parks v. BAC Home Loan Servicing, LP*, 825 F. Supp. 2d 713, 715 (E.D. Va. 2011); *See Edwards v. Aurora Loan Services, LLC*, 791 F. Supp. 2d 144 (D.D.C. 2011) ("Fannie Mae and servicers of homeowners' mortgage loans did not intend to make homeowners third-party beneficiaries of servicers' service participation agreement."); *Zoher v. Chase Home Fin.*, No. 10–14135–CIV, 2010 WL 4064798, at *4 (S.D. Fla. Oct. 15, 2010) ("Borrowers may not attempt to enforce HAMP compliance as third-party beneficiaries of a contract.").

This Court has previously held that an application for HAMP loan modification is not a valid contract unless the plaintiff can prove that the application was more than a mere offer to apply. *Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 761 (E.D. Va. 2011) *reconsideration denied*, 2:10CV567, 2011 WL 6203256 (E.D. Va. Dec. 13, 2011). The *Sherman* court found that an offer to apply for a loan modification is merely an offer to *consider* the Plaintiff's loan modification application. *Id.* at 762 (emphasis added). Such an offer does not, as a matter of law, create a binding contract to modify Plaintiff's mortgage. *Id.*

## A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendant, BOA, breached the implied covenant of good faith and fair dealing on the Promissory Note and Deed of Trust. Plaintiff contends that BOA breached this covenant under 12 U.S.C. § 5219(a)(1) specifically by (1) failing to review Plaintiff for a modification of her loan and (2) failing to properly consider the borrowers for alternative modification programs. Compl. ¶ 19. Virginia courts have recognized an implied covenant of good faith and fair dealing in certain contracts. *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 383590 (E.D. Va. Jan. 13, 2012) *report and recommendation adopted*, *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 368282 (E.D. Va. Feb. 3, 2012). However, where parties to a contract create valid and binding rights, the implied covenant of good faith and fair dealing is inapplicable to those rights. *Id.*

An implied duty under a contract is simply a manifestation of conditions inherent in expressed promises. *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 182 (4th Cir. 2000). The implied covenant of good faith and fair dealing does not compel a party to take affirmative actions that the party is not obligated to take under the terms of the contract. *Id.* Instead, the duty simply bars a party from "acting in such a manner as to prevent the other party from performing his obligations under the contract." *Id.* at 183.

The covenant of good faith and fair dealing "cannot be construed to establish new and independent rights or duties not agreed upon by the parties." *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11–CV–429, 2011 WL 3236000, at *3 (D. Utah July 26, 2011). The implied covenant cannot "rewrite[e] an unambiguous contract in order to create terms that do not otherwise exist." *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 383590

(E.D. Va. Jan. 13, 2012) *report and recommendation adopted, McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 368282 (E.D. Va. Feb. 3, 2012).

Thus, the duty imposed on a party under the implied covenant of good faith and fair dealing is not an independent claim, but only arises under a contractual relationship. Here, neither the Promissory Note nor the Deed of Trust creates a duty on the part of BOA to facilitate loan modification. *See* Ex. B. Plaintiff attempts to mask HAMP violations under the guise of an implied covenant of good faith and fair dealing. Courts have routinely dismissed similar HAMP claims that are disguised as a violation of the duty of good faith and fair dealing. *Id. See Young v. Wachovia Mortg. Co.*, 11-CV-01963-CMA, 2011 WL 6934110 (D. Colo. Dec. 30, 2011) (stating that the Plaintiff's claim of a breach of good faith and fair dealing "seeks to impose new duties upon Defendants and grant Plaintiff[s] new rights based on a modification of the original loan."); *Akintunji v. Chase Home Fin., L.L.C.*, Civ. Action No. H-11-389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) (holding that an alleged failure to assist with the HAMP program does not amount to a breach of the duty of good faith and fair dealing). Accordingly, Plaintiff cannot sufficiently allege any action of Defendant BOA that would constitute a breach of the implied covenant of good faith and fair dealing. Therefore, Defendant BOA's motion to dismiss count one is **GRANTED**.

## B. Breach of the Duty to Mitigate Damages

Plaintiff asserts that Defendants breached the duty to mitigate damages in violation of 12 U.S.C. § 5219(a)(1). Plaintiff argues that because foreclosure is a damage remedy stemming from the Plaintiff's breach of the loan contract, then as a matter of law, Defendants have the duty to mitigate those damages. Compl. ¶ 25. Title 12 U.S.C. § 5219 (a)(1) provides guidelines for foreclosure mitigation efforts, stating in pertinent part:

> "[T]he Secretary [of Treasury] shall implement a plan that seeks to maximize assistance for homeowners and use the authority of the Secretary to *encourage* the servicers of the underlying mortgages, considering net present value to the taxpayer, to take advantage of the HOPE for Homeowners Program under section 1715z-23 of this title or other available programs to minimize foreclosures. In addition, the Secretary *may* use loan guarantees and credit enhancements to facilitate loan modifications to prevent avoidable foreclosures."

12 U.S.C. § 5219(a)(1) (emphasis added). The statute requires the Secretary of Treasury to implement a homeowners' assistance program and encourage servicers to take advantage of the HOPE for Homeowners Program. The plain language of the statute *does not* demand that each private loan modification application shall be granted. Additionally, the Court has already established that homeowners do not have a private right of action against the Defendants pursuant to 12 U.S.C § 5219(a)(1) or any other HAMP claim. Thus, the Plaintiff has not presented sufficient facts to the Court to support a claim for breach of the duty to mitigate damages; therefore, Defendants' motions to dismiss count two are **GRANTED**.

## C. Breach of the Deed of Trust

Plaintiff alleges that in the Deed of Trust, Defendants agree to be bound by all state and federal laws. Compl. ¶ 28. Accordingly, Plaintiff asserts that Defendants are, therefore bound by 12 U.S.C. § 5219(a)(1). Compl. ¶ 29. Plaintiff argues specifically that Defendant, Professional Foreclosure, breached the Deed of Trust pursuant to 12 U.S.C. § 5219(a)(1) by failing to wait for a verifiable certification that the Plaintiff had been properly and actually reviewed before proceeding with the foreclosure sale. Comp ¶ 31. Plaintiff fails to sufficiently allege how Defendant, BOA, breached the Deed of Trust. Under Virginia law, however, a party claiming breach of contract must establish three elements to prevail: "(1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation,

7

and (3) injury or damage to the pla0intiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (2009).

As established above, the plain language of the statute does not place an obligation on individual servicers and lenders to grant each applicant a loan modification. Furthermore, no provision in the statute explicitly or implicitly requires the Substitute Trustee, Professional Foreclosure, to wait for certification that the Plaintiff's application had been reviewed before proceeding with a foreclosure sale. Title 12 U.S.C. §5219(a)(1) merely places an obligation on the Secretary of Treasury to implement an assistance program. Plaintiff has not identified a legally enforceable obligation of either Defendant. Because Plaintiff has failed to sufficiently allege the first prong of the three-part breach of contract test, the Court need not consider the second and third prongs.

In short, Plaintiff attempts to assert a claim under HAMP by alleging a breach of the Deed of Trust. The Court has already established that homeowners do not have a private right of action against HAMP claims, and Plaintiff failed to adequately plead a breach of contract claim in accordance with Virginia law. Therefore Defendants' motions to dismiss count three are also **GRANTED**.

Further, Plaintiff has alleged various claims against Defendant, Professional Foreclosure in violation of 12 U.S.C. § 5219(a)(1). However, Professional Foreclosure's duties arise from the Deed of Trust. For reasons stated herein, there is no viable cause of action asserted against Professional Foreclosure.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Defendants' Motions to Dismiss Plaintiff's First Amended Complaint are **GRANTED**.[2]

Plaintiff's First Amended Complaint is hereby **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
June 25, 2012

---

[2] Defendants have also moved this Court to dismiss Plaintiff's request for preliminary injunction. As set forth in *Winter v. Nat'l Resources Def. Council, Inc.*, the United States Supreme Court modified the standard for preliminary injunctions with a four-part test. The Court should consider whether (1) petitioner is likely to succeed on the merits, (2) if petitioner is likely to suffer irreparable harm if the injunction is not granted, (3) if the balance of equities tips in favor of petitioner, and (4) the public interest in the issuance of a preliminary injunction. *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). For the reasons contained within this Memorandum Opinion and Order, the Court believes the Plaintiff is not likely to succeed on the merits.
Additionally, because Plaintiff is not likely to succeed on the merits, she will not suffer irreparable harm if the request for injunction is not granted. The balance of equities does not weigh in favor of an injunction, and the public interest does not suggest that Defendants should be enjoined. Thus, the Court finds that a preliminary injunction is unwarranted. Defendants' motions to dismiss Plaintiff's request for a preliminary injunction are **GRANTED**.